UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NEW PAR,
D/B/A VERIZON WIRELESS, et al.,

      Plaintiffs,                        Case No. 2:09-cv-1048
                                              JUDGE GREGORY L. FROST
     v.                                 Magistrate Judge Norah McCann King

FRANKLIN COUNTY BOARD
OF ZONING APPEALS,

      Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of the following sets of filings:

(1) Plaintiffs' motion for summary judgment (Doc. # 15) and memorandum in support (Doc. # 17), Defendant's memorandum in opposition (Doc. # 19), and Plaintiffs' reply memorandum (Doc. # 26); and

(2) Defendant's motion for summary judgment (Doc. # 16), Plaintiffs' memorandum in opposition (Doc. # 20), and Defendant's reply memorandum (Doc. # 25).

For the reasons that follow, this Court **GRANTS** Plaintiffs' motion for summary judgment  (Doc. # 15) and **DENIES** Defendant's motion for summary judgment (Doc. # 16).

### I.  Background

Plaintiff New Par does business as Verizon Wireless, a licensed provider of wireless communications services.  In 2009, the company sought a Conditional Use Permit and two related variances in order to construct a wireless communications facility on Franklin County,

1

Ohio property leased from Plaintiff Robin Darrell Hinton.  Defendant, the Franklin County Board of Zoning Appeals, denied the permit and variance application in an October 20, 2009 letter.

Plaintiffs subsequently filed the instant action.  Their complaint contains four claims for relief, only the first of which is involved in today's decision.  Both sides have filed motions for summary judgment on this claim (Docs. # 15, 16) and have agreed that they should not proceed on the remaining claims until disposition of the Claim One dispute (Doc. # 9, at 2).  The parties have completed briefing on the summary judgment motions, which are ripe for disposition.

## II. Discussion

### A. Standard Involved

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case.  *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial.  *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003).  A

genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "  *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

**B.  Analysis**

As a threshold matter, this Court notes that Plaintiffs requested oral argument on their motion.  S. D. Ohio Civ. R. 7.1(b)(2) permits such a request, which is subject to the Court's determination of whether oral argument is essential to the fair resolution of the case *sub judice*. Upon consideration, the Court concludes that oral argument is not warranted at this time and therefore **DENIES** the request for such argument.  Having disposed of this preliminary matter, the Court shall now proceed to the merits of the competing motions.

Both sides move for summary judgment on Claim One.  Plaintiffs assert in this claim that the denial of the application violated 47 U.S.C. § 332(c)(7)(B)(iii), which provides that "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."  Specifically, Plaintiffs aver that the October 20, 2009 denial letter–which both sides agree is the relevant decision document–fails to constitute a "decision . . . in writing" satisfying the statutory requirement.

The body of the October 20, 2009 letter reads as follows:

> This letter is to inform you that the variance/conditional use application filed with the Franklin County Economic Development and Planning Department was given a public hearing by the Franklin County Board of Zoning Appeals on October 19, 2009.
>
> The Board ***denied*** the request for variances from Sections 302.0394(4) and 302.0394(17) and the request for a conditional use from Section 302.0394.
>
> The decision of the Board of Zoning Appeals may be appealed to the Court of Common Pleas. Section 2505.07 of the Ohio Revised Code provides: *"After the entry of a final order of an administrative officer, agency, board … the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days."*
>
> Please keep this letter for your records, as it constitutes your official notification of the Board's decision. If you have questions, please contact our office at 614-462-3094.

(Doc. # 10-5, at 18.) This Court agrees with Plaintiffs that the letter fails to satisfy the in writing requirement.

> The Sixth Circuit has held:
>
> [F]or a decision to meet the "in writing" requirement, the written denial must: "(1) be separate from the written record; (2) describe the reasons for the denial; and (3) contain a sufficient explanation of the reasons for the denial to allow a reviewing court to evaluate the evidence in the record that supports those reasons."

*Tennessee ex rel. Wireless Income Properties, LLC v. City of Chattanooga*, 403 F.3d 392, 398 (6th Cir. 2005) (quoting *New Par v. City of Saginaw*, 301 F.3d 390, 395-96 (6th Cir. 2002)). Applying this standard to the foregoing letter, the Court must recognize that the letter fails both to set forth any reason or reasons for the denial and to contain a sufficient explanation of Defendant's reasoning to permit this Court to evaluate the record evidence.

Defendant's proffered defense of the letter is wholly unpersuasive. Defendant posits that

4

"[t]he letter cites the specific sections of the Zoning Resolution, thus providing a basis for a reviewing court to evaluate the evidence regarding these sections." (Doc. # 16, at 19.) This contention ignores that the letter merely references the sections that the application targeted. The letter does not even attempt to explain how or why the application was deemed insufficient in regard to these sections. The statutory requirement as construed by the court of appeals demands more than a rote reference to the sections; it requires explanation.

There is no such explanation here, distinguishing this case from cases in which the decision document on which a defendant relied "clearly lists the reasons for the denial and offers an explanation in support of those reasons." *Omnipoint Holdings, Inc. v. City of Southfield*, 355 F.3d 601, 605 (6th Cir. 2004). Rather, the instant case is closer to the deficient document offered to satisfy the in writing requirement in *New Par*. The Sixth Circuit found persuasive in *New Par* the reasoning of the First Circuit in regard to what satisfies the in writing requirement, citing with approval its sister circuit's conclusion that "permitting local boards to issue written denials that give no reasons for a decision would frustrate meaningful judicial review, even where the written record may offer some guidance as to the board's rationale." *New Par*, 301 F.3d at 395 (quoting *Southwestern Bell Mobile Sys., Inc. v. Todd*, 244 F.3d 51, 60 (1st Cir. 2001)). Regardless of whether the written record here would afford this Court the ability to conduct a merits analysis, Defendant's reliance on the October 20, 2009 letter is insufficient to enable this Court to proceed to the merits. Defendant has failed to satisfy the threshold statutory requirement, which entitles Plaintiffs to summary judgment. *See Cincinnati Bell Wireless LLC v. City of Middletown*, No. 1:07-cv-022, 2008 WL 1732967, at *5 (S.D. Ohio Apr. 10, 2008) (granting summary judgment for plaintiff on § 322(c)(7)(B)(iii) claim because denial letter failed

to satisfy the second and third *New Par* requirements).

Having concluded that Defendant violated § 332(c)(7)(B)(iii), the Court need not address the parties' remaining alternative arguments in regard to Claim One.  Although as Defendant notes in its briefing the court of appeals at times has proceeded to address the alternative merits issue of whether substantial evidence existed to support a decision, no Sixth Circuit opinion has required such an approach.  Defendant proposes that violation of the in writing requirement does not mean that its decision "should . . . be overturned solely on that basis," but there is no controlling precedent treating a violation of the in writing requirement as potentially harmless without an accompanying failure on the evidence.  (Doc. # 19, at 7.)  Instead, this Court properly turns to the issue of what remedy applies.  The Sixth Circuit has held that the proper remedy for failure to comply with the statutory in writing requirement is issuance of injunctive relief compelling a defendant to grant the requested application and variances.  *Tennessee ex rel. Wireless Income Properties, LLC*, 403 F.3d at 399-400.  This Court complies with that direction.

### III.  Conclusion

The Court **GRANTS** Plaintiffs' motion for summary judgment  (Doc. # 15) and **DENIES** Defendant's motion for summary judgment (Doc. # 16).  The Court **ORDERS** as remedial injunctive relief that, within thirty days of entry of this Opinion and Order, Defendant shall grant the application and issue all permits required for the construction of the Ridgewood Facility.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE